510 So.2d 695 (1987)
Kenneth W. MILLER, et al.
v.
GREAT ATLANTIC & PACIFIC TEA CO., et al.
No. 86 CA 0542.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Rehearing Denied July 20, 1987.
John W. Degraveelles, Baton Rouge, for plaintiff/appellee.
Carey J. Guglielmo, Baton Rouge, for defendants/appellants Commercial Properties Develop. Corp.
*696 David R. Kelly, Baton Rouge, for Great Atlantic & Pacific Tea Co. defendants/appellant.
Before EDWARDS, WATKINS and LEBLANC, JJ.
EDWARDS, Judge.
Mrs. Patricia P. Miller tripped in a pothole in the parking lot of the Denham Springs A & P store, severely injuring her left ankle. Mr. and Mrs. Miller sued the owner of the property, Denham Springs, La., Commercial Properties Development Corporation, and A & P. The trial court returned the following verdict in favor of the plaintiffs, plus interest and costs:

General Damages - $ 50,000.00
Loss of Past & Future
 Wages - 50,462.00
Loss of Consortium - 10,000.00
Medical Expenses - 9,286.37
 ___________
 Total - $119,748.37

Defendants filed a suspensive appeal, alleging the trial court erred in determining liability and in assessing excessive damages. Plaintiffs answered the appeal requesting an increase in quantum in the judgment.
Commercial Properties is clearly liable for Mrs. Miller's injuries under both traditional negligence as well as strict liability principles since it owned the parking lot where the accident occurred. Carter v. Board of Supervisors of La. State Univ., 459 So.2d 1263, 1265 (La.App. 1st Cir.1984), cert. denied, 462 So.2d 1248 (La.1985). Despite the lease between A & P, lessee, and Commercial Properties, lessor, which requires the lessor to maintain the parking lot, A & P is also liable for Mrs. Miller's injuries for its negligent failure to warn her of the danger posed by the pothole. The lease in question dealt only with the relationship between A & P and Commercial Properties, it did not affect the independent duty A & P owed to its customers. Bolin v. National Tea Co., 359 So.2d 690 (La.App. 1st Cir.), cert. denied, 362 So.2d 577 (La.1978).
In the instant case, the A & P manager testified that the bag boys would routinely inform him when they saw any potholes in the parking lot which could be dangerous to customers. The manager would then report the problem to the A & P home office who would contact the lessor. Commercial Properties would then have the problem fixed. We cannot find that the trial court erred in holding that the pothole which Mrs. Miller tripped in was dangerous due to its proximity to the A & P store. The judge held that the pothole's size, depth, and central location posed a danger which should have been discovered by the A & P manager or bag boys. Clearly then, the facts in this case support a finding that A & P breached the duty it owed to its customers by failing to provide a safe entrance and exit, since it either knew or should have known of the existence of the pothole.
Defendants allege that Mrs. Miller was contributorily negligent because she failed to see the pothole on her way into the store. Mrs. Miller testified that she did not enter the store by the same route that she exited because she went to a metal stall to get a grocery cart first. Therefore, she did not see the hole in the parking lot when she went in. On her way out, Mrs. Miller had a cart full of groceries which obstructed her view of the hole. In addition, plaintiff was checking for traffic as she crossed the road. The fact that plaintiff frequently shopped at the A & P does not impose a duty on her to cross the parking lot "as though it were a mine field." Ruffo v. Schwegmann Bros. Giant Supermarkets, Inc., 424 So.2d 470, 473 (La.App. 5th Cir.1982).
Defendants contend that the plaintiffs' award for medical expenses is excessive. They argue that the plaintiffs' recovery included expenses for an operation to Mrs. Miller's right ankle, which admittedly was not injured during her fall. However, Dr. Kucharchuk testified that the surgery to Mrs. Miller's right ankle was due to the fact that it had been placed under undue stress and tension following the original injury to Mrs. Miller's left *697 ankle. The law clearly states that when the victim suffers additional injuries as a result of unanticipated medical complications arising out of the first injury or its treatment, the tort-feasor is responsible for subsequent complications as well. Weber v. Charity Hosp. of La., 475 So.2d 1047 (La.1985). The fact that Mrs. Miller's weak ankles may have predisposed her to an injury of this sort is irrelevant. The tort-feasor takes his victim as he finds her and is responsible for the consequences of his tort, even if the damages are greater because of the aggravation of a pre-existing injury. Reck v. Stevens, 373 So.2d 498, 502 (La.1979); Nolan v. Ochello, 433 So.2d 1100, 1104 (La.App. 1st Cir.), cert. denied, 441 So.2d 210 and 441 So.2d 211 (La.1983).
Defendants argue that the general damage award for the pain and suffering experienced by Mrs. Miller is excessive, while plaintiffs contend it is inadequate. An appellate court cannot disturb a quantum award unless the record clearly reveals that the trier of fact abused his discretion in making the award. If the trial court's award can be reasonably supported by the record, we must affirm it. Coco v. Winston Indus., Inc., 341 So.2d 332 (La. 1976).
We find that the injuries Mrs. Miller suffered were extremely painful. For nearly a year, she had limited use of one or both legs. The two separate surgical procedures she underwent prevent her from engaging in any occupation or activity which requires prolonged standing. In addition, the scarring on her ankle is unsightly. Since the record does not reveal any abuse of discretion by the judge, we affirm the award in favor of plaintiff for $50,000.00.
We also affirm the plaintiffs' award for loss of consortium, which is recoverable as an element of damages under LSA-C.C. art. 2315. The record supports the court's finding that Mrs. Miller's injuries played a significant role in the ultimate physical separation of Mr. and Mrs. Miller. The award of $5,000.00 to each is appropriate to compensate the plaintiffs for their loss of consortium with one another.
The award for loss of past and future wages is also supported by the record. While Patricia Miller was not employed at the time of the accident, she had worked in the past and was actively seeking a job. After the accident, she returned to work at a dry-cleaning company but had to quit because of the pain associated with her injury. The trial court considered the testimony of G. Randolph Rice, Professor of Economics at LSU, in determining the amount of past and future wages to award Mrs. Miller. We find the court properly discounted the figures offered by Professor Rice to take into account Mrs. Miller's part-time and intermittent employment history.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the reasons assigned by the trial judge and affirm at appellants' costs.
AFFIRMED.