Helen KELLY

v.

UNITED STATES of America.

Civ. A. No. 91–4034.

United States District Court,
E.D. Louisiana.

Sept. 8, 1992.

Kevin C. Schoenberger, Schoenberger & Hansen, New Orleans, La., for plaintiff.

Jill Lynn Ondrejko, Harry A. Rosenberg, U.S. Attys. Office, New Orleans, La., for defendant U.S.

ARCENEAUX, District Judge.

Plaintiff Helen Kelly filed a motion for reconsideration of this court's order dated July 15, 1992, granting an unopposed motion for summary judgment. Having considered the applicable law and memoranda both in support and in opposition, the court grants plaintiff's motion for reconsideration; however, upon such reconsideration the court concludes that its original order granting summary judgment was correct.

The United States filed a motion for summary judgment which was noticed for hearing on July 22, 1992. Under Uniform Louisiana Local Rule 2.07E, an opposition to this motion should have been filed by July 14, 1992. The court, having received no timely opposition from plaintiff, considered the motion as unopposed. As such, based on the legal arguments therein, the court found the motion persuasive, granted same, and entered judgment.

Because the instant motion was filed nineteen days after the entry of the judgment, the motion is considered a motion for relief from judgment. Fed.R.Civ.P. 60(b); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir.1991). The rule provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of judgment." Fed. R.Civ.P. 60(b).

█ Plaintiff moves the court to reconsider based on three reasons: (1) untimely service of the motion for summary judgment; (2) failure on counsel's part to note the July 22, 1992, hearing date; and (3) in the interest of justice because the motion was without merit. The United States counters the untimely service allegation with a persuasive affidavit to that end. The United States further argues that plaintiff counsel's failure to use due diligence is not an adequate ground to justify reconsideration. Finally, defendant maintains that the motion for summary judgment is meritorious.

The court is unpersuaded by plaintiff counsel's arguments as to service and his inadvertent failure to note the proper hearing date. Indeed, such a display of care-

lessness is anathema to this court. Nonetheless, justice requires that plaintiff should not be forced to bear the cost of her attorney's carelessness. Thus, applying Rule 60(b)(6) of the Federal Rules of Civil Procedure, the court shall reconsider the United States' motion for summary judgment to which it now turns.

The following facts are uncontested. Plaintiff picked up her mail from the Ama, Louisiana, post office on the morning of December 1, 1990, as she had done almost daily for sixteen years. Stephen Lemoine owns the building and leases it to the United States for use as a post office. As Helen Kelly left the post office, she fell at the concrete single-step landing located at the entrance way, allegedly injuring her neck as a result of the fall.

■ Rule 56(c) of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Evidence and inferences must be viewed and drawn in a way most favorable to the non-moving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The substantive law determines materiality of facts, and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Applying these standards, the court remains convinced that summary judgment is warranted in favor of the United States.

■ For plaintiff to prevail in her negligence action against the United States, she must prove (1) that something about the thing created an unreasonable risk of injury and that particular risk caused the damage; (2) that the owner[1] knew or should have known of the risk; and (3) that the owner failed to render the thing safe or take adequate steps to prevent the damage. *Kent v. Gulf States Utils.*, 418 So.2d 493, 497 (La.1982). In a strict liability case, the claimant is relieved of proving that the owner knew or should have known of the risk involved. *Id.*

■ Kelly argues that the landing created an unreasonable risk of injury for numerous reasons. Plaintiff alleges that the causes of her injury were (1) the lack of a handrail, (2) the lack of non-skid nosing and non-skid paint for the landing and (3) the one-inch height variation between the right and left sides of the landing. Plaintiff also alleges that the violation of various stairway regulations indicate the creation of an unreasonable risk of injury.

The United States contends that even if plaintiff could produce evidence to that end, plaintiff has failed to establish a genuine factual dispute regarding the unreasonable risk of the landing because her fall was admittedly caused by her stooping to pick up an object. The landing was clearly marked to indicate a step, and there is no indication that the step was wet or slippery. While there is evidence of another patron falling in this same area, the patron admitted that she fell because she did not pick up her feet.

■ The court finds no causal link between the alleged deficiencies in the landing and plaintiff's injury. Plaintiff told hospital personnel that she fell when she stooped to pick up an object. However, plaintiff changed her story during deposition when she alleged that the step caused her fall. A party opposing a motion for summary judgment cannot simply rely on self-serving affidavits. *Dean v. Sun Elec. Corp.*, 1992 WL 124825, at *2, 1992 U.S.Dist. LEXIS 7922, at *6 (E.D.La. June 2, 1992). Likewise, the regulations upon which plaintiff relies are not applicable be-

---

1. Although defendant is lessee of the building, Louisiana law recognizes that lessee can be liable for a patron's injury, even when the lease requires the lessor to maintain the property. *Miller v. Great Atl. & Pac. Tea Co.*, 510 So.2d 695, 696 (La.App. 1st Cir.1987).

cause they relate to either handicapped persons or to the work place, neither of which are implicated in plaintiff's case.

Plaintiff bears the burden of establishing the causal link between her alleged injury and the step. She has neither alleged facts nor demonstrated any causal link between her injury and the step at issue. The court declines to manufacture this connection.

No genuine issue of material fact exists to prevent summary judgment as a matter of law. For the reasons herein, the plaintiff's motion for reconsideration is GRANTED, and the defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED that, in accordance with Rule 19E of the Rules of this Court, Stephen Lemoine, against whom a judgment of default has been entered, is REFERRED to Magistrate Judge Michaelle Wynne for hearing on the issue of damages, including evidentiary hearing, if necessary, and submission of Findings & Recommendations pursuant to 28 U.S.C. 636(b)(1)(B).

IT IS SO ORDERED.