JAMES F. McKAY III, Judge.
liThe defendant, The Great Atlantic & Pacific Tea Company, d/b/a Sav-A-Center, appeals the judgment in favor of the plaintiff, Thomas Bethea, holding the defendant liable for the injuries the plaintiff sus *1115 tained as a result of a fall in the parking lot of the shopping center.
On September 22, 2003, Thomas Bethea, after leaving Sav-A-Center located in the Plaza East Shopping Center at 6001 Bul-lard Avenue, sustained injuries to his knee and elbow as a result of tripping and falling into six inch hole of an empty planter in the shopping center parking lot. The area consists of a column, an in ground planter, and a bollard (a cone shaped concrete barrier to keep vehicles in the parking area from hitting the building).
The matter went to trial on June 21, 2005. A judgment was rendered in the amount of $9,315.00; $2,065.00 for medical bills and $7,250.00 in general damages. The reasons for judgment were rendered on November 22, 2005.
JURISDICTIONAL ISSUE
We note a jurisdictional issue in the matter which we shall address first.
|2In the defendant’s motion to set return date for the suspensive appeal, the defendant asserted that it had received the notice of judgment on August 1, 2005, and as such was requesting a return date for the appeal filing to be August 11, 2005. The trial court set the requested return date of August 11, 2005. It was from this order that the plaintiff motioned the trial court to dismiss the appeal as untimely. On October 3, 2006, the trial court, signed a judgment denying the plaintiffs supplemental motion to dismiss suspensive appeal. This motion was ultimately heard only after numerous re-setting because of the intervention of Hurricane Katrina. In the denial of the dismissal of the appeal, the trial court held that it did not have jurisdiction over the matter as the appeal had been filed.
In Myles v. Turner 612 So.2d 32, 35 (La.1993), our Louisiana Supreme Court held that “the ten-day appeal delay provided for in La. C.C.P. art. 5002(A) commences to run upon the receipt of notice of judgment rather than upon the mere mailing of said notice.” The Court additionally held that “ ‘the date of the ... event ... after the period begins to run,’ is not to be counted in the computation of the appeal delay.” Id.
Based upon the record and jurisprudence we find that the defendant timely filed this suspensive appeal.
The primary and defining issue before this Court is whether the trial court erred in holding the defendant, The Great Atlantic & Pacific Tea Company d/b/a Save-A-Center liable for the plaintiffs injury.
|sThe Louisiana Civil Code provides that we are responsible for damage caused by the things in our custody. La. C.C. art. 2317. This is to be understood with the following modification:
[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew, or in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
La. C.C. art. 2317.1.
Thus, the plaintiff must prove three elements: 1) the defendant either owned or had care, custody, or control of the thing in question; 2) the thing was a cause-in-fact of the plaintiffs injuries; and 3) the thing presented an unreasonable risk of harm. Gallina v. Hero Lands Co., 2003-0331, pp. 4-5 (La.App. 4 Cir. 10/7/03), 859 So.2d 758, 762, citing Baker v. Murphy Oil USA, Inc., 2001-1299, p. 4 (La.App. 4 Cir. 4/10/02), 816 So.2d 329, 335. Therefore, in order to establish premise liability the plaintiff must prove who had custody or garde over the premises.
*1116 In determining direction or control over the premises and hence custody or garde, the courts have looked to whether a defendant possesses the ability to access the premises at will and whether a defendant has the ability to alter the premises. While factually distinct, the legal principles located in Chaplain v. American Empire Surplus Lines Ins. Co., 98-1372, pp. 3-5 (La.App. 4 Cir. 3/31/99), 731 So.2d 973, are applicable to the case sub judice. In Chaplain, this Court determined that custody or garde will not be shared or transferred when there is a limited ability to inspect the premises, limited access to enter the premises, and an inability to alter the premises. See also Mix v. Krewe of Petronius, 95-1793 (La.App. 4 Cir. 5/22/96), 675 So.2d 792 (no custody or garde where defendant lacked authority to make alterations).
The evidence presented in this case clarifies that the alleged accident occurred in or on the common area of the leased premises. The testimony of Pamela Renoir, an employee of the lessor, confirms that Save-A-Center, pursuant to the lease had no control over the maintenance of the common area of this shopping center.[1] In her testimony she opined that the planter that the plaintiff tripped on was not part of the lease portion of Save-A-Center’s premises and were in fact outside of the leased premises. After an objection was lodged by the plaintiff questioning the witness’s ability to opine about the intricacies of the lease, the witness confirmed that she was a lawyer. The plaintiff withdrew his objection. A review of the lease supports this conclusion and reveals that the lessor has the responsibility for the parking lot maintenance. Provision 5.3 of the lease provides: that the lessor shall maintain the common area in good order, including the replanting and replacing of all landscaping.[2] Provision 5.2 of the lease virtually gives the Landlord total control over the common areas of the shopping center.
Based upon the unambiguous language of the lease and the record presented to this Court, there is no basis for a finding that the Save-A-Center had garde over the planters or bollards where the accident occurred. Lacking custody or garde, a necessary element of the claim of Mr. Be-thea, Save-A-Center cannot be held liable for injuries suffered by Mr. Bethea.
| sThe trial court erred in finding the defendant liable for the injuries sustained by the plaintiff. Accordingly, we reverse the judgment of the trial court.
REVERSED.
MURRAY, J., concurs with reasons.

. Ms. Reynoir is employed by White III, L.L.C., which is the successor in interest of JLH ("Landlord''), who is the lessor under the lease at the Bullard Sav-A-Center store. Her duties included maintaining the leases and files.

. In ARTICLE 1. Definitions of the lease, "Common Areas " means all areas and facilities within the boundaries of the Shopping Center excluding only the Leased Premises and the other buildings to the extent leased or available for lease and excluding those areas and facilities designated by the Landlord for its use or the exclusive use of a tenant. The exclusive uses of one or more tenants shall be limited to loading areas and shall not include exclusive rights to parking areas. Landlord shall comply with the provisions of Section 5.2 to the extent applicable with respect to modifications of the Common Areas. The Common Areas include, but are not limited to, if they exist from time to time, the pedestrian walkway, patios, landscaped areas, sidewalks, plazas, driveways, parking areas, roadways, retaining walls, stairs, ramps, and benches.