# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-233


REGINA LLORENCE

VERSUS

BROADMOOR SHOPPING CENTER, INC.


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 82102, DIV. A
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

### MARC T. AMY
### JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

James B. Reichman
Reichman Law Firm
Post Office Box 210
Alexandria, LA   71309-0210
(318) 442-3251
COUNSEL FOR DEFENDANTS/APPELLEES:
   Broadmoor Shopping Center, Inc.
   Watson Enterprises and Employer's
      Mutual Casualty Insurance Company


D. Scott Kendrick
1762 Texas Street
Natchitoches, LA   71457
(318) 354-9146
COUNSEL FOR PLAINTIFF/APPELLANT:
   Regina Llorence

AMY, Judge.

The plaintiff filed suit against a shopping center and its insurer, alleging that while walking in a parking lot, she tripped in a pothole, fell, and broke her knee. The trial court subsequently granted the defendants' motion for summary judgment and dismissed the plaintiff's claims. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

According to the record, the plaintiff, Regina Llorence, and her grandson stopped at the Broadmoor Shopping Center in Natchitoches, Louisiana on May 1, 2008 to purchase pet food from a grocery store. On her way into the store, Mrs. Llorence tripped and fell. Mrs. Llorence testified that she broke her knee as a result of the fall and was in a brace for six to eight weeks. Mrs. Llorence subsequently filed suit against the owner of the shopping center, Watson Enterprises, and its insurer, Employer's Mutual Casualty Company, alleging that her fall occurred when she tripped in a pothole in the parking lot.

The defendants filed a joint motion for summary judgment, asserting that the plaintiff could not satisfy her burden of proof at trial because she could not prove that the parking lot was in a dangerously defective condition and that she could not prove that her fall was the result of that condition, if one existed. After a hearing, the trial court found there was no genuine issue of material fact regarding the condition of the parking lot. Further, the trial court found that the plaintiff would not be able to meet her burden of proof regarding the cause of her fall. Thus, the trial court granted the defendants' motion for summary judgment and dismissed the plaintiff's claims.

The plaintiff appeals, asserting as her sole assignment of error that the trial court erred in granting the defendants' motion for summary judgment because "there

is a genuine issue of material fact as to the negligence of Broadmoor Shopping Center."

## Discussion

Motions for summary judgment are reviewed *de novo* on appeal using the same criteria that governs the trial court's determination of the appropriateness of summary judgment. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored in our law. La.Code Civ.P. art. 966(A)(2).

The burden of proof is on the moving party. La.Code Civ.P. art. 966(C). Article 966(C) creates a shifting burden of proof in cases where the moving party is not the party bearing the burden of proof at trial. The supreme court discussed Article 966(C) in *Samaha*, 977 So.2d at 883, stating that it:

> first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.... Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. (Emphasis omitted; citation omitted).

A "genuine issue" is one upon which reasonable persons could disagree. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. If, based on the evidence, reasonable persons could only reach one conclusion, the issue is not genuine. In determining whether an issue is genuine, the courts cannot make

credibility determinations, consider the merits, evaluate testimony, or weigh evidence. *Id.* Further, a fact is "material" when it would matter on the trial on the merits; i.e., it could insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of the legal dispute. *Id.*

The plaintiff's petition, claiming an injury caused by a thing's condition, advances theories of recovery for negligence, governed by La.Civ.Code art. 2315, or strict liability, governed by La.Civ.Code art. 2317. *See Stiebing v. Romero*, 07-723 (La.App. 5 Cir. 12/27/07), 974 So.2d 752. The duty-risk analysis, applied on a case-by-case basis, is appropriate for both theories. *Id.* Further, La.Civ.Code art. 2317.1 eliminates the distinction between strict liability and negligence for the owner or custodian of property, stating in relevant part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

*See Dupree v. City of New Orleans*, 99-3651 (La. 8/31/00), 765 So.2d 1002. Thus, in cases of premises liability, the plaintiff must prove that: "1) the defendant either owned or had care, custody, or control of the thing in question; 2) the thing was a cause-in-fact of the plaintiff's injuries; and 3) the thing presented an unreasonable risk of harm." *Bethea v. Great Atl. & Pac. Tea Co.*, 07-1385, p. 3 (La.App. 4 Cir. 9/30/09), 22 So.3d 1114, 1115.

With regard to whether there was a defect that presents an unreasonable risk of harm, Mrs. Llorence alleges that she tripped in a pothole in the grocery store parking lot. The supreme court addressed whether variations in the surface of parking lots, sidewalks, and the like constitute an unreasonable risk of harm in *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 3/4/98), 708 So.2d 362. The court stated:

> It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs. These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet. Rather, a party may only be held liable for those defects which present an unreasonable risk of harm.

*Id*. at 363. In determining whether a defect presents an unreasonable risk of harm, the fact finder must balance the gravity and risk of harm against the cost and feasibility of repair, social utility, and individual and societal rights and obligations. *Id*. In the case of sidewalk and parking lot defects, the supreme court considered the size of the defect, its location, and the accident history of the defect. *Id*.

In *Reed*, 708 So.2d 362, the plaintiff tripped over a one-half-inch crack in the parking lot outside a supermarket. The supreme court noted that the defect was "minimal" and it would be unreasonable to require the landowner to remedy all such defects. Further, the defect was in a high traffic area and had no history of accidents. Therefore, the supreme court determined that the defect did not present an unreasonable risk of harm. *Id*.

Mrs. Llorence photographed the area where she fell a few days after the accident. The photographs are of the parking spaces and area immediately adjacent to the entrance of the grocery store. Some of the photographs are marked with an arrow and the notation "tripped + fell" next to a marked curb. In its reasons for judgment, the trial court described the area as "at best[,] slightly uneven. It does not indicate any potholes, whatsoever."

In addition, the defendants submitted the affidavits of the manager of the shopping center and the maintenance supervisor of the shopping center. The manager, James Durham, stated that the area is a high pedestrian traffic area "with dozens of store patrons traversing it daily." The maintenance supervisor, Al Anthony, Jr., stated that he had not made any repairs since the accident and that if the parking lot had been

4

in an unreasonably harmful condition he would have repaired it. Further, both Durham and Anthony stated that there had been no claims, complaints, or suits arising out of that area either before or since the plaintiff's claim.

Further, the defendants contend that if an unreasonably harmful defect did exist, the plaintiff would not be able to establish that it was the cause-in-fact of her injuries. In support of this argument, the defendants point to the plaintiff and her grandson's deposition testimony. In her deposition, Mrs. Llorence repeatedly stated that she did not know why she fell. She testified that her grandson told her she tripped on an "uneven thing." However, in his deposition testimony, Mrs. Llorence's grandson could not identify what in particular caused Mrs. Llorence to fall. Notably, he testified that Mrs. Llorence "was just walking and she started to stumble." Beyond her allegations and the photographs showing where she tripped and fell, Mrs. Llorence did not offer any evidence to contradict the defendants' contentions.

Mrs. Llorence argues that the existence of potholes in the parking lot creates a genuine issue of material fact that warrants submittal of this matter to a jury. Based on the evidence submitted in support of the motion for summary judgment,[1] we do not find that a reasonable fact finder could find that the area in question presented an unreasonable risk of harm. Instead, the evidence supports the defendants' assertion that the defect, if any, did not present an unreasonable risk of harm. Further, the evidence supports the defendants' assertion that Mrs. Llorence would not be able to prove that the defect, if any, was the cause-in-fact of Mrs. Llorence's injuries.

Thus, the burden of proof shifted to the plaintiff to show that she could be able to satisfy her evidentiary burden at trial. In addition to the evidence submitted by the defendants, Mrs. Llorence only submitted photographs of the area where the accident

---

[1] We note that the parties only introduced five photographs into evidence at the hearing. However, other evidence is contained in the record, including depositions and affidavits which are attached to the defendants' motion for summary judgment.

occurred into evidence. As discussed above, the photographs do not establish a genuine issue of material fact with regard to the existence of an unreasonably harmful defect in the area where Mrs. Llorence fell. Additionally, the trial court noted that the plaintiff did not have an expert who would testify regarding any defect. *See Beckham v. Jungle Gym, L.L.C.*, 45,325 (La.App. 2 Cir. 5/19/10), 37 So.3d 564; *Underwood v. Best Western Westbank, Inc.*, 04-243 (La.App. 5 Cir. 8/31/04), 881 So.2d 1271. *Compare Joseph v. City of New Orleans*, 02-1996 (La.App. 4 Cir. 3/5/03), 842 So.2d 420. With regard to whether any defect was the cause-in-fact of her injuries, the plaintiff cannot say what caused her to trip and fall. *See Mooty v. Centre at Westbank, LLC*, 10-792 (La.App. 5 Cir. 3/29/11), 63 So.3d 1062.

We conclude that Mrs. Llorence has failed to meet the burden of proof required of her pursuant to La.Code Civ.P. art. 966. The defendants are, therefore, entitled to summary judgment.

The plaintiff's assignment of error is without merit.

### DECREE

For the foregoing reasons, the trial court's grant of summary judgment in favor of the appellees, Watson Enterprises and Employer's Mutual Casualty Company, is affirmed. Costs of this proceeding are taxed to the appellant, Regina Llorence.

**AFFIRMED.**