851 So.2d 918 (2003)
Irma JOHNSON
v.
STATE of Louisiana.
No. 2002-C-2382.
Supreme Court of Louisiana.
May 20, 2003.
Rehearing Denied September 5, 2003.
*919 Monique F. Rauls, Alexandria, for Applicant.
Anthony J. Bruscato, Monroe, for Respondent.
WEIMER, Justice.
Upon review of the record, we find the procedural posture of this matter precludes this court from addressing the issue of whether a 1/16-inch height differential between the tiled landing and a nosing strip placed on the edge of a stair is an unreasonably dangerous condition. The writ of certiorari is dismissed.

FACTS AND PROCEDURAL BACKGROUND
On January 6, 1999, Irma Johnson had a clinic appointment at E.A. Conway Medical Center in Monroe, Louisiana. After her appointment, she visited briefly with her brother, who was employed by the medical center as the Environmental Services Manager, in his office on the second floor of the facility. Upon leaving her brother's office, Ms. Johnson expressed concern about using the elevator; therefore, her brother accompanied her to the stairs to show her that exit to the first floor.
Mr. Johnson was ahead of his sister as he descended the stairs. As Ms. Johnson attempted to descend the stairs, she stepped with her left foot to the first stair but stripped when her right shoe caught the metal strip at the edge of the landing and fell tumbling down to the landing below.[1] As a result of the fall, she injured her head, neck, back, leg, and knee. She was treated in the emergency room and released.
Ms. Johnson filed suit to recover for the injuries sustained in the fall. She alleged the metal strip attached to the edge of the step presented an unreasonably dangerous condition on the premises of the medical center, the defendant knew or should have known of the unreasonably dangerous condition, and defendant was responsible for her injuries.
The trial court ruled in favor of the plaintiff finding that the differential between the metal nosing on the edge of the *920 stair and the location where it abutted the surface of the landing created an unreasonably dangerous condition. The trial court assigned 30 percent fault to plaintiff and 70 percent fault to the defendant. Judgment was rendered in favor of plaintiff in the amount of $35,000 for general damages and $8,098.18 for medical expenses to be reduced by the 30 percent fault attributed to plaintiff.
The State appealed, assigning as error the trial court's finding that the uneven surface between the stair and the landing was an unreasonably dangerous condition warranting a finding of liability against the State. Plaintiff answered the appeal, assigning as error the finding that she was 30 percent at fault for her injuries.
The court of appeal, finding no manifest error in the ruling of the trial court, affirmed the judgment in an opinion not designated for publication. Johnson v. State of Louisiana, 36,229 (La.App. 2 Cir. 8/14/02), 826 So.2d 1203.
The State applied to this court for a writ of certiorari claiming that the evidence in the record did not establish that the defendant had knowledge of the defect. The argument before the trial court and the court of appeal was that the difference in elevations of the landing and the nosing strip was not an unreasonably dangerous condition warranting liability on the part of the State. In the writ application, the State did not argue the unreasonably dangerous condition. Instead, the State argues before this court, for the first time, that there was insufficient evidence to establish the State had the requisite knowledge of the condition to warrant a finding of liability under LSA-R.S. 9:2800. The State argues that plaintiff failed to meet her burden of proof in establishing that defendant had actual or constructive knowledge of the condition. Thus, it is the State's position that plaintiff should not recover.

DISCUSSION
Review of the State's brief filed in the court of appeal indicates the State listed one assignment of error:
The trial court below manifestly erred in finding that a 1/16" projection of a metal end-strip on a stair riser presented an unreasonable risk of harm to the plaintiff.
Further review of the appellate brief indicates the issue argued to the court of appeal was whether the trial court committed manifest error in finding that the 1/16" projection created an unreasonable risk of harm.
Following the decision by the court of appeal to affirm the lower court ruling, the State applied for a writ of certiorari with this court. In its application, the State contends for the first time that there was insufficient evidence to determine that the State had either actual or constructive knowledge of the condition necessary to find liability under the provisions of LSA-R.S. 9:2800.
At no time previously did the State argue that plaintiff failed to prove actual or constructive notice sufficient to comply with LSA-R.S. 9:2800. The ruling of the trial court in favor of plaintiff finding an unreasonably dangerous condition on the premises of the hospital implies the trial court found notice sufficient to comply with the statutory requirements even without a direct ruling to that effect.
Additionally, in the writ application filed by the State, the argument that the trial court erred in finding an unreasonably dangerous condition on the premises was not raised; therefore, it is assumed that the argument has been abandoned in favor *921 of the argument regarding adequate notice.
We cannot consider contentions raised for the first time in this court which were not pleaded in the court below and which the district court has not addressed. Boudreaux v. State, Department of Transportation and Development, 01-1329, p. 2 (La.2/26/02), 815 So.2d 7, 9. Because we find the State failed to adequately preserve the issue of notice, this court cannot address the issue now raised by the defendant for the first time. Geiger v. State, Department of Health and Hospital, 01-2206, p. 11 (La.4/12/02), 815 So.2d 80, 86; Boudreaux, 815 So.2d at 9. In its application to this court, the State did not address the issue of an unreasonably dangerous condition. Thus, we find the State has abandoned its argument regarding the finding by the trial court that the condition of the stair posed an unreasonably dangerous condition.

CONCLUSION
Although this court would prefer to resolve this matter on the issue of whether the 1/16 inch height differential, essentially the thickness of a nickel, created an unreasonable risk of harm, we cannot. In sum, we cannot address the issue related to notice because this issue was not properly raised by the State. Further, we cannot address the issue related to an unreasonably dangerous condition because this issue was not raised in the writ to this court by the State.
For reasons assigned, we are constrained to dismiss the writ of certiorari.
WRIT OF CERTIORARI DISMISSED.
NOTES
[1] The stairs are constructed of concrete and contain a metal nosing on the edge of each tread to prevent slippage. The second floor landing, which is level with the second floor of the facility, is covered with 12" square linoleum tiles. There are seven concrete steps, then an intermediate landing which is also tiled; the remaining stairs reverse and continue to the next level.