970 So.2d 660 (2007)
Jonathan GRAUBARTH
v.
FRENCH MARKET CORPORATION.
No. 2007-CA-0416.
Court of Appeal of Louisiana, Fourth Circuit.
October 24, 2007.
*662 Harry E. Forst, New Orleans, LA, For Plaintiff/Appellant.
Thomas E. Schwab, Barkley & Thompson, L.C., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR., Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
Plaintiff, Jonathan Graubarth ("Mr.Graubarth"), appeals the trial court's granting of summary judgment in favor of defendant, French Market Corporation ("FMC"). For the reasons assigned below, we affirm.
Mr. Graubarth is a freelance artist and art director. On April 20, 2001, Mr. Graubarth was working at a show at the Jean Lafitte National Historical Park at 916 N. Peters Street. As part of his job, he climbed a ladder or stairs to enter a projection booth. Prior to this date, Mr. Graubarth had traversed, without incident, thousands of stairs, stairwells, doorframes, ladders, and theatrical trusses during the course of his career in the arts. While climbing the ladder or stairs, Mr. Graubarth struck his head at the top of the doorframe, causing him to fall to the floor, injuring his head, neck, and back.
Mr. Graubarth filed a lawsuit against FMC, arguing that the design and pitch of the ladder or stairs and its proximity to the doorframe was defective and created an unreasonable risk of harm. Mr. Graubarth argued that FMC, as the lessor of the premises located at 916 N. Peters Street[1], was liable for creating or failing to cure the defect in the premises.
FMC filed a motion for summary judgment, which was argued to the trial court on January 5, 2007[2]. On January 10, 2007, the trial court granted the motion for summary judgment without written reasons for judgment. Mr. Graubarth timely filed a motion for appeal.
On appeal, Mr. Graubarth asserts the following assignments of errors: 1) the trial court erred in granting FMC's motion for summary judgment without evidence in the form of affidavits, answers to interrogatories, documents, and expert reports, and 2) the trial court erred by holding as a matter of law that FMC did not have custody or garde over the premises, that the stairs/steps were not defective, that *663 FMC did not have knowledge of the defect, and that the hazard was open and obvious.
Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Champagne v. Ward, XXXX-XXXX, p. 4 (La.1/19/05), 893 So.2d 773, 776. When the mover will not bear the burden of proof at trial,
According to La. C.C.P. 966(C)(2), the mover need not negate all essential elements of the adverse party's claim, action, or defense, but rather need point out to the court that there is an absence of factual support of one or more elements of the claim. Once the movant negates such a necessary element(s) of the adverse party's claim, the burden then shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Lozier v. Security Transfer and Inv. Corp., 96-2690 (La.App. 4 Cir. 4/30/97), 694 So.2d 497. The effect of the legislature's 1996 amendment to La. C.C.P. art. 966 is that the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment. Oakley v. Thebault, 96-0937 (La. App. 4 Cir. 11/13/96), 684 So.2d 488.
Shelvin v. Intralox, L.L.C., XXXX-XXXX, pp. 9-10 (La.App. 4 Cir. 5/9/07), 957 So.2d 852, 857-858.
In this instance, the mover, FMC, will not bear the burden of proof at trial.
Mr. Graubarth's first assignment of error alleges that the trial court granted the motion for summary judgment without evidence in the form of affidavits, answers to interrogatories, documents, and expert reports. The record reveals that FMC attached the affidavit of Patricia Henry, Interim Executive Director of FMC, to its motion for summary judgment, and the Order and Reasons for the dismissal of the federal court action filed by Mr. Graubarth. To his opposition, Mr. Graubarth attached his description of the accident, the lease agreement ("Lease") between FMC and the General Services Administration ("GSA"), a federal agency which leases the premises on behalf of the United States Government, Defendant's Answers to Interrogatories, Defendant's Responses to Request for Production of Documents and Mr. Graubarth's own affidavit. Therefore, Mr. Graubarth's argument that the trial court granted the motion for summary judgment without evidence is clearly without merit.
Mr. Graubarth's second assignment of error alleges the trial court erred by holding as a matter of law that FMC did not have custody or garde over the premises, that the stairs/steps were not defective, that FMC did not have knowledge of the defect, and that the hazard was open and obvious.
The Louisiana Civil Code provides that we are responsible for damage caused by the things in our custody. La. C.C. art. 2317. This is to be understood with the following modification:
[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew, or in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable *664 care, and that he failed to exercise such reasonable care.
La. C.C. art. 2317.1.
Thus, the plaintiff must prove three elements: 1) the defendant either owned or had care, custody, or control of the thing in question; 2) the thing was a cause-in-fact of the plaintiff's injuries; and 3) the thing presented an unreasonable risk of harm. Gallina v. Hero Lands Co., XXXX-XXXX, pp. 4-5 (La.App. 4 Cir. 10/7/03), 859 So.2d 758, 762, citing Baker v. Murphy Oil USA, Inc., XXXX-XXXX, p. 4 (La. App. 4 Cir. 4/10/02), 816 So.2d 329, 335.
In this instance, the affidavit of Patricia Henry established that FMC does not own the premises located at 916 N. Peters Street. The City of New Orleans owns the property and leases the property to FMC, who then sub-leases it to General Services Administration, a federal agency who leases the premises on behalf of the United States Government. Hence, FMC cannot be held liable as owner of the premises.
However, the courts have recognized the reality that custody or garde is a broader concept than ownership and custody or garde may be shared by multiple parties. To determine whether custody or garde is shared, the courts look to the parties' actions and relationships to the thing causing injury. The test for determining custody or garde is two-fold: 1) whether the person bears such a relationship as to have the right of direction or control over the thing, and 2) what, if any, kind of benefit the person derives from the thing. Gallina, XXXX-XXXX, at p. 5, 859 So.2d at 762, citing Dupree v. City of New Orleans, 99-3651, p. 7 (La.8/31/00) 765 So.2d 1002, 1009.
Patricia Henry stated in her affidavit that "FMC does not have any means of access to the entire property" and further that "FMC had no control over the daily affairs at the location." In response, Mr. Graubarth argued that as lessor, "they had the right to direct and to control the premises." This unsupported assertion is insufficient to rebut the affidavit of Patricia Henry.
Mr. Graubarth next pointed this Court to Section 552.270-35(b)(2) of the Lease, which provides that the United States Government would not be held liable because of any defect in or condition of the premises or building. However, the remainder of that portion of the lease provides that certain information must be provided in the isolated instance where a Letter of Statement of Lease was to be issued to a prospective purchaser or lender. Hence, that section of the Lease is insufficient to rebut the affidavit of Patricia Henry.
Mr. Graubarth next argues that pursuant to La. R.S. 9:3221, a lessor must have the lessee assume the responsibility for the maintenance of the property to absolve itself from liability. A review of the record reveals this argument is being raised for the first time on appeal. Appellate courts generally find it inappropriate to consider an issue raised for the first time on appeal that was not plead, urged, or addressed in the court below. Johnson v. State, 2002-2382, p. 4 (La.5/20/03), 851 So.2d 918. Hence, this Court will not consider this argument.
In determining direction or control over the premises and hence custody or garde, the courts have looked to whether a defendant possesses the ability to access the premises at will and whether a defendant has the ability to alter the premises. While factually distinct, the legal principles located in Chaplain v. American Empire Surplus Lines Ins. Co., 98-1372, pp. 3-5 (La.App. 4 Cir. 3/31/99), 731 So.2d 973, are applicable to the case sub judice. In Chaplain, this Court determined that custody or garde will not be shared or transferred *665 when there is a limited ability to inspect the premises, limited access to enter the premises, and an inability to alter the premises. See also Mix v. Krewe of Petronius, 95-1793 (La.App. 4 Cir. 5/22/96), 675 So.2d 792 (no custody or garde where defendant lacked authority to make alterations).
The affidavit submitted by Patricia Henry claims that FMC lacked access to the entire property and that FMC had no control over the daily affairs at the location. Yet, a review of the Lease reveals that FMC is responsible for maintenance. Section 552.270-12 provides:
Lessor shall maintain the premises, including the building and all equipment, fixtures, and appurtenances furnished by the lessor under this lease, in good repair and condition so that they are suitable in appearance and capable of supplying such heat, air conditioning, light, ventilation, access and other things to the premises, without reasonably preventable or recurring disruption, as is required for the Government's access to, occupancy, possession, use and enjoyment of the premises as provided in this Lease. For the purpose of so maintaining the premises, the Lessor may at reasonable times enter the premises with the approval of the authorized Government representative in charge (emphasis supplied).
Attached to the Lease exhibit was GSA Form 3626, filled out by the General Services Administration, which detailed precisely when the services and utilities were to be maintained by FMC. The Lease clearly limited FMC's access to the facility as FMC could only enter the premises with approval. The record lacks evidence that FMC had authority to alter the premises.
Considering the affidavit of Patricia Henry and the Lease, this Court finds no evidence that FMC had the right of direction or control over the premises located at 916 N. Peters Street. Hence, the first prong of the test to determine custody or garde is not met. We note that FMC receives rental payments as a result of the lease and recognize this as a benefit. However, as the first prong of the test has not been met, we find that FMC did not have custody or garde of the premises located at 916 N. Peters Street. Lacking custody or garde, a necessary element of the claim of Mr. Graubarth, FMC cannot be held liable for injuries suffered by Mr. Graubarth.
Under the current statutory scheme, once FMC negated a necessary element of Mr. Graubarth's claim, in this instance the lack of custody or garde of the premises, the burden of proof shifted to Mr. Graubarth, requiring Mr. Graubarth to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Shelvin, XXXX-XXXX, at p. 10, 957 So.2d at 858. Mr. Graubarth failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial that FMC possessed custody or garde of the premises.
Mr. Graubarth next argues that the trial court erred in finding the stairs were not defective and also argues that the court erred in finding the defect open and obvious. In its motion for summary judgment, FMC argued the door frame presented an open and obvious condition as to which no one owes any duty to warn. FMC noted that Judge Africk granted a motion for summary judgment on that issue in the federal case filed by Mr. Graubarth. In this case, as in the federal case, Mr. Graubarth submitted his own statement that he believed that "the design, and pitch of the steps and its proximity to the door frame" were causes of the *666 accident. Mr. Graubarth failed to substantiate these allegations and raise a genuine issue of material fact regarding the presence of a defect in the stairs or the doorframe.
Mr. Graubarth also argues that he could not obtain information regarding the stairs and doorframe or obtain access to the property. FMC answered interrogatories stating that the information is in the hands of the United States Government and that FMC does not own the stairs or the doorframe at issue. Mr. Graubarth failed to take further action to obtain the requested information. Mr. Graubarth retained the duty to seek discovery in the court below, to present to that court his request for further discovery, and/or specify to that court how further discovery would have advanced his cause. Spellman v. Peoples Bank & Trust Co. of St. Bernard, 544 So.2d 10 (La.App. 4 Cir.1989).
Mr. Graubarth failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden regarding the presence of a defect in the premises at trial. There is no evidence that the trial court in the instant case found the stairs and doorframe an open and obvious condition. Further, this Court has stated that the open and obvious nature of a defect is merely another factor to be weighed in the risk-utility balance. Joseph v. City of New Orleans, XXXX-XXXX, p. 6 (La.App. 4 Cir. 3/5/03), 842 So.2d 420, 424. As Mr. Graubarth failed to produce evidence that a defect existed, there is no need to conduct a risk-utility balance.
Mr. Graubarth's final argument alleges that FMC possessed knowledge of the defect or should have known of the defect. As stated above, once FMC negated a necessary element of Mr. Graubarth's claim, in this instance the lack of custody or garde of the premises, the burden of proof shifted to Mr. Graubarth, requiring Mr. Graubarth to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Shelvin, XXXX-XXXX, at p. 10, 957 So.2d at 858.
Mr. Graubarth argues that the law provides that the lessor warrants the lessee that the thing is suitable for the purpose for which it was leased and that it is free of vices or defects that prevent its use for that purpose.[3] Mr. Graubarth cites to a provision in the Lease requiring the interior doors to be 36" × 80" and concludes that this was not done. Mr. Graubarth failed to conduct further discovery and submitted no evidence of the actual measure of the doorframe. Further, the complete heading on the section on interior doors states "AS IS". The warranty provided in La. C.C. art. 2696 may be waived by clear and unambiguous language that is brought to the attention of the lessee. La. C.C. art. 2699. While there are no reported cases under La.C.C. art. 2699, this Court finds the term "AS IS" to be clear and unambiguous. GSA provided the Lease containing the waiver to FMC to sign and it is reasonable to presume that GSA knew of the waiver. Hence, this Court finds any defect resulting from a nonconforming door size was waived by GSA.
Mr. Graubarth alleges that FMC should have inspected the doors, doorframes, and pitch of the stairs to ensure compliance with Life Safety codes. Mr. Graubarth failed to provide factual support for his argument. Mr. Graubarth neglected to submit the Life Safety code requirements and information as to how the doors, doorframes, *667 and pitch of the stairs violated same.
Mr. Graubarth cites Ford v. Bienvenu, 95-1675 (La.App. 4 Cir. 4/24/96), 673 So.2d 1198 in support of his argument that FMC knew or should have known of the defect. This Court decided the Ford case prior to the amendment of La. C.C.P. art. 966. Prior to the amendment, summary judgments were not favored. With the amendment, summary judgments are favored and the burden of proof shifts to Mr. Graubarth once FMC negates a necessary element of his claim. Shelvin, XXXX-XXXX, at p. 10, 957 So.2d at 858.
Mr. Graubarth additionally cited Wallace v. Helmer Directional Drilling Inc., 93-901 (La.App. 3 Cir. 7/13/94), 641 So.2d 624. Wallace was also decided prior to the amendment to La. C.C.P. art. 966. Further, Wallace involved an owner-lessor. In this instance, FMC is not the owner of the premises.
FMC negated a necessary element of Mr. Graubarth's claim by showing a lack of custody or garde of the premises where the injury occurred. Further, FMC answered interrogatories claiming no knowledge of the defect and no knowledge of prior complaints, accidents, claims, etc., regarding the stairs or doorframe. Moreover, FMC lacked free access to the building to inspect for defects. The burden of proof shifted to Mr. Graubarth, requiring Mr. Graubarth to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Shelvin, XXXX-XXXX, at p. 10, 957 So.2d at 858. Mr. Graubarth failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial that FMC knew or should have known of the defect.
Accordingly, for the reasons stated herein, the judgment of the trial court granting FMC's motion for summary judgment is affirmed.
AFFIRMED.
NOTES
[1] Mr. Graubarth filed a lawsuit in federal district court against the sub-lessee of the premises, the General Services Administration, a federal agency that leases the premises on behalf of the United States Government.
[2] The transcript from this hearing was not provided to this Court.
[3] Mr. Graubarth incorrectly cites La. C.C. art. 2695 as the applicable code article in this case. La. C.C. art. 2696 is the code article dealing with warranties of a lessor.