JAMES F. McKAY III, Judge.
Ii In this action on an open account, the defendant, Colleen C. Cheramie, appeals the trial court’s judgment in favor of the plaintiff, Lowe, Stein, Hoffman Allweiss & Hauver, LLP. We affirm.
FACTS AND PROCEDURAL HISTORY
Colleen C. Cheramie retained the law firm of Lowe, Stein, Hoffman, Allweiss & Hauver, LLP (Lowe, Stein) to represent her in a divorce suit against her former husband, Craig Cheramie, in the 24th Judicial District Court for the Parish of Jefferson. Ms. Cheramie was unable to pay the various invoices that accumulated between December 2007 and September 2008. After amicable demand was made and Ms. Cheramie failed to pay, Lowe, Stein filed suit.
The trial court rendered judgment in favor of Lowe, Stein and awarded them $79,839.74 with legal interest from the date of judicial demand plus $20,000.00 in attorneys’ fees and costs. Ms. Cheramie appeals this judgment. Lowe, Stein answered the appeal and prays for its costs *459 and attorneys’ fees associated with this appeal.
I ^DISCUSSION
On appeal, Ms. Cheramie raises the following assignments of error: 1) the district court erred in ruling that the suit was one on “open account” and granting an award of attorneys’ fees; 2) the district court failed to follow existing jurisprudence in assessing reasonableness of plaintiffs attorney fees; and 3) plaintiffs attorneys’ fees were excessive and therefore unjustified.
In her first assignment of error, Ms. Cheramie contends that the trial court erred in ruling that the suit was one on “open account” and granting an award of attorneys’ fees. La. R.S. 9:2781(D) states:
For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, “open account” includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether at the time of contracting the parties expected future transactions. “Open account” shall include debts incurred for professional services, including but not limited to legal and medical services. For purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
La. R.S. 9:2781(D).
Clearly, debts incurred for legal services are on open account according to this statute. La. R.S. 9:2781(A) provides:
When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney’s fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
La. R.S. 9:2781(A).
The law is clear. Lowe, Stein is entitled to attorneys’ fees according to the statute. Accordingly, we find no merit in Ms. Cher-amie’s first assignment of error.
| sWith regards to Ms. Cheramie’s second and third assignments of error, these were not raised in the court below. It is well established as a general matter, appellate courts will not consider issues raised for the first time, which were not pleaded in the trial court below and which the trial court has not addressed. Billieson v. City of New Orleans, 2009-0410, p. 8 (La.App. 4 Cir. 11/12/09), 26 So.3d 796, 801-802. Appellate courts must disregard all arguments and assignments of error that relate to an issue not raised for consideration in the court below. Johnson v. State, 2002-2382, p. 4 (La.5/20/03), 851 So.2d 918, 921. Accordingly, Ms. Cheramie’s second and third assignments of error are not properly before this Court.
Although we found for the appellee and against the appellant, we do not find that the appellant’s appeal was frivolous. Accordingly, we will not award the appel-lee any additional costs or attorneys’ fees associated with this appeal.
CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.