TERRI F. LOVE, Judge.
hThe plaintiff allegedly sustained injuries as a result of a falling streetlight. The plaintiff alleged that the City of New Orleans, its contractors, and subcontractors were liable for his injuries. The trial court granted motions for summary judgment, dismissed the contractor responsible for performing work on the streetlights after receiving work orders, and also dismissed the contractor’s subcontractor. The plaintiff appealed asserting that genuine issues of material fact exist as to whether both parties had knowledge of the streetlight’s alleged deleterious condition and whether both parties were obligated to inspect the streetlights and prevent them from falling. The plaintiff also contends that the doctrine of res ipsa loquitor prevented summary judgment.
For the following reasons, we find that no genuine issues of material fact exist as to the liability of UCS and All Star because they did not have garde over the streetlight and also did not have knowledge of the streetlight’s alleged dangerous condition. Therefore, the trial court did not err by granting UCS and All Star’s Motions for Summary Judgment. Res ipsa loquitor is not applicable to the facts and circumstances of the present matter because All Star and UCS lacked garde of the streetlight and evidence exists that another party(s) may be liable for l2the incident. Mr. Tsegaye failéd to brief the issue of spoliation. Thus, we deem the issue abandoned. The rulings of the trial court are affirmed.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 21, 2011, the City of New Orleans (“City”) and Royal Engineers and Consultants, LLC (“Royal”) entered into a contract titled “Street Light Management Services” for “Street Light Management Service for street light maintenance and rehabilitation services.” The same day, the City also entered into a contract with All Star Electric, Inc. (“All Star”) titled “Street Light Maintenance and Rehabilitation Services” for “Street Light Maintenance and Rehabilitation Services.” Subsequently, All Star entered into a contract with Utility Construction Services, L.L.C. (“UCS”) with UCS as a subcontractor “to provide Work on an as-needed basis for Contractor’s Client.”
On April 15, 2011, Baraki Tsegaye, a taxicab driver, was standing in front of the W Hotel on Poydras and South Peters Streets when a streetlight collapsed and allegedly struck and injured his arm. As a result, Mr. Tsegaye filed a Petition for Damages asserting that the City, All Star, and Royal were liable for his injuries. Mr. Tsegaye’s First Supplemental and Amended Petition named UCS as an additional defendant.
The City, All Star, and UCS subsequently filed separate Motions for Summary Judgment. Following a hearing, the trial court granted both UCS’ and All Star’s Motions for Summary Judgment.[1] The trial court dismissed Mr. Tsegaye’s claims against UCS and All Star with prejudice. Mr. Tsegaye’s appeal followed.
| aMr. Tsegaye contends that the trial court erred in granting the motions for summary judgment because genuine of issues of material fact exist as to the liability of UCS and All Star and that the doctrine of res ipsa loquitor prevents summary judgment.

*205
STANDARD OF REVIEW

Appellate courts review the trial court’s granting of motions for summary judgment with the de novo standard of review. Brunet v. Fullmer, 00-0644, p. 3 (La.App. 4 Cir. 1/10/01), 777 So.2d 1240, 1241. We utilize “the same criteria applied by trial courts to determine whether summary judgment is appropriate.” Transworld Drilling Co. v. Texas Gen. Res., Inc., 604 So.2d 586, 589 (La.App. 4th Cir.1992). “All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion; all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor.” Id.
The trial court shall grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits ... show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). “The burden of proof remains with the movant.” La. C.C.P. art. 966(C)(2).

MOTION FOR SUMMARY JUDGMENT

Mr. Tsegaye asserts that the trial court erroneously granted UCS’ and All Star’s Motions for Summary Judgment because genuine issues of material fact exist as to their alleged liability. Specifically, Mr. Tsegaye contends that All Star and UCS had notice that the streetlight could collapse because another streetlight allegedly collapsed in the same vicinity approximately three months prior. Mr. |/Tsegaye also avers that All Star and UCS formed a partnership with control of the streetlights and a duty to inspect the streetlights.
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.” La. C.C. art. 2317. However, “[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect,” 1) “upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage,” 2) “that the damage could have been prevented by the exercise of reasonable care,” and 3) “that he failed to exercise such reasonable care.” La. C.C. art. 2317.1
“[CJourts have recognized the reality that custody or garde is a broader concept than ownership and custody or garde may be shared by multiple parties.” Graubarth v. French Mkt. Corp., 07-0416, p. 4 (La.App. 4 Cir. 10/24/07), 970 So.2d 660, 664. “To determine whether custody or garde is shared, the courts look to the parties’ actions and relationships to the thing causing injury.” Id. “The test for determining custody or garde is two-fold: 1) whether the person bears such a relationship as to have the right of direction or control over the thing, and 2) what, if any, kind of benefit the person derives from the thing.” Graubarth, 07-0416, pp. 4-5, 970 So.2d at 664.

ALL STAR

Mr. Tsegaye contends that All Star’s contract with the City obligates All Star to “ ‘carefully examine the City street lights (i.e., the construction site) to obtain first-hand knowledge of the scope and conditions of the work and not merely to rely only on the receipt of work orders from defendant Royal Engineers.” Mr. Tse-gaye also avers that the “Bidder Information” required All | BStar “to take affirmative actions to examine the construction site (i.e., the street lights).”
*206 However, the City entered into a contract with Royal “to perform street light management service” and the contract between the City and All Star stated that All Star would “provide Street Light Maintenance and Rehabilitation Services.” Thus, from the plain language of the contracts, Royal contracted with the City to manage All Star’s services. The documents provided in support of All Star’s Motion for Summary Judgment support this conclusion.
Arthur Westbrook, the Project Manager with All Star, testified in his deposition that Royal administered All Star’s contract with the City and issued “work directives” or “orders” to All Star. Mr. Westbrook also testified that All Star never received a work order for the fallen streetlight prior to Mr. Tsegaye’s injury.
Michael Pugh, one of the founders of Royal, testified in his deposition that Royal entered into a management contract with the City “to monitor and oversee the maintenance contractor [All Star] who was physically making repairs to the system.” Royal managed “the work order system ... to tell the contractor, All Star, ‘There’s a light out at First and Second Street. Here’s the light, the description of it. Go out and fix it.’ ”
The trial court granted All Star’s Motion for Summary Judgment stating, “I don’t think it’s within the scope of the contract.” We agree. The record does not indicate that All Star was the owner or custodian of the fallen streetlight. Further, no genuine issues of material fact exist regarding All Star’s lack of garde over the fallen streetlight. The streetlight was owned by the City and All Star worked on streetlights after receiving orders from Royal. Further, Mr. Tsegaye presented no | ^evidence in his opposition to the Motions for Summary Judgment to establish that genuine issues of material fact exist as to All Star’s alleged control over the streetlight, duty to inspect the streetlight, or notice that the streetlight might collapse. Accordingly, no genuine issues of material fact exist as to All Star’s liability. The trial court’s granting of All Star’s Motion for Summary Judgment is affirmed.

UCS

Mr. Tsegaye asserts that All Star entered into a “partnership” with UCS and that the “partnership” imputes All Star’s alleged liability to UCS.
All Star contracted with UCS, as a subcontractor, “to provide Work on an as-needed basis.” UCS performed work when All Star issued “a Work Order or Purchase Order.” The subcontractor agreement provides that: “Subcontractor, its employees, agents, and subcontractors are and shall act as, independent contractors, and are not and shall not be deemed agents, assigns, employees, joint ventures, partners, or principals of Contractor [All Star] or Contractor’s parent or affiliated companies.”
Elmo Soignet III started UCS and testified in his deposition that UCS contracted with All Star “to provide labor and some equipment to help them perform the New Orleans Street Lighting Maintenance Contract.” Mr. Soignet stated that UCS performed “a portion of the work” for All Star. He further testified that UCS did not receive instructions to inspect light poles for the City. UCS did not receive a work order regarding the streetlight in question prior to it falling.
The trial court found that UCS was a subcontractor, and as such was not liable to Mr. Tsegaye, and granted UCS’ Motion for Summary Judgment. We |7agree. It is uncontradicted that UCS served as a subcontractor to All Star. As such, UCS had no custody or garde over the fallen *207 streetlight. Additionally, the record lacks evidence to show that UCS had knowledge that the streetlight could collapse. Further, Mr. Tsegaye presented no evidence in his opposition to the Motions for Summary Judgment to establish that genuine issues of material fact exist as to an alleged partnership between All Star and UCS, UCS’ lack of control over the streetlight, duty to inspect the streetlight, or knowledge that the streetlight might collapse. Therefore, we find that no genuine issues of material fact exist as to the liability of UCS and affirm the judgment of the trial court.

RES IPSA LOQUITOR

Mr. Tsegaye contends that the trial court erroneously granted All Star’s and UCS’ Motions for Summary Judgment because the doctrine of res ipsa loquitor applies.
“The principle of res ipsa loqui-tur is a rule of circumstantial evidence that infers negligence on the part of defendants because the facts of the case indicate that the negligence of the defendant is the probable cause of the accident, in the absence of other equally probable explanations offered by credible witnesses.” Montgomery v. Opelousas Gen. Hosp., 540 So.2d 312, 319 (La.1989). “The doctrine allows an inference of negligence to arise from the common experience of the factfin-der that such accidents normally do not occur in the absence of negligence.” Id. The Louisiana Supreme Court held that res ipsa loquitor:
applies in cases involving circumstantial evidence, rather than direct evidence, provided the plaintiff establishes the following foundation of facts: (1) the injury is of the kind which does not ordinarily occur in the absence of negligence; (2) the evidence sufficiently eliminates other possible causes of the injury, such as the plaintiffs own responsibility or the responsibility of others; and (3) the I ^alleged negligence of the defendant must fall within the scope of his duty to the plaintiff, which will often be the case if the defendant had exclusive control of the thing or situation that caused the injury to the plaintiff.
Linnear v. CenterPoint Energy Entex/Reliant Energy, 06-3030, p. 12 (La.9/5/07), 966 So.2d 36, 45. See also Spott v. Otis Elevator Co., 601 So.2d 1355, 1362 (La.1992).
Both All Star and UCS assert that Mr. Tsegaye cannot argue res ispa loquitor on appeal because it was not before the trial court and is not part of the appellate record. While there is no evidence in the record that the trial court considered the application of the doctrine of res ipsa lo-quitor, Mr. Tsegaye pled the doctrine’s applicability in his Petition for Damages and his memorandum in opposition to the Motions for Summary Judgment states: “[i]n plaintiffs petition the doctrine of res ipsa loquitor was pled to all named defendants herein. Certainly an accident of his type would not have occurred but for the negligence of one or more of the named defendants herein.”
However, the doctrine of res ipsa loquitor does not apply to the facts and circumstances of the present matter. Mr. Tse-gaye presented no evidence to establish that a genuine issue of material fact exists as to whether the accident occurred due to “other possible causes.” Linnear, 06-3030, p. 12, 966 So.2d at 45. Also, as examined in the previous section, All Star’s and UCS’ lack of garde of the streetlight and lack of duty to Mr. Tsegaye further negates the applicability of res ipsa loquitor. Therefore, this assertion lacks merit.

SPOLIATION

All Star and UCA aver that Mr. Tsegaye abandoned the issue of spoliation *208 because he failed to include the issue in his original appellate brief. Mr. Tsegaye [flcontends that he fully briefed all assignments of error, including spoliation. However, Mr. Tsegaye’s original appellate brief does not include a discussion of the concept, or the word “spoliation.” “The court may consider as abandoned any assignment of error or issue for review which has not been briefed.” Rule 2-12.4(B)(4). Accordingly, as spoliation was neither an assignment of error or briefed in Mr. Tse-gaye’s appellate brief, we deem the issue abandoned.

DECREE

For the above-mentioned reasons, we find that no genuine issues of material fact exist as to the lack of liability of UCS and All Star. Therefore, the trial court did not err by granting UCS and All Star’s Motions for Summary Judgment. Res ipsa loquitor is not applicable to the facts and circumstances of the present matter. Mr. Tsegaye failed to brief the issue of spoliation. Thus, we deem the issue abandoned. The rulings of the trial court are affirmed.
AFFIRMED.

. The City's Motion for Summary Judgment was denied by the trial court at the hearing, but that ruling is not contained in the written judgment and is not at issue in the present appeal.